IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **WINSTON FELIX,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CIVIL ACTION 06-00863-CB-B |
| | : | |
| **DAVID O. STREIFF,** *et al.*, | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

This is an action brought pursuant to 28 U.S.C § 2241 by Winston Felix, who contends that he has been a permanent legal resident of the United States since 1975, and that he is being unlawfully detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Doc. 1). This action has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration. The record is adequate to determine Petitioner's claims; thus, no evidentiary hearing is required. Following a careful review of the record, it is recommended that the instant petition be dismissed, without prejudice[1].

As a preliminary matter, the undersigned finds that this Court has jurisdiction over Petitioner's case notwithstanding the fact

---

[1] Also pending before the Court is Petitioner's Motion for Declaratory Judgment. (Doc. 13). In light of the undersigned's recommendation that Petitioner's petition be dismissed, his motion should be denied.

that he has been transferred out of this District.  The record reflects that at the time Petitioner filed his petition, he was being detained at the Perry County Correctional Center, which is located in this District. (Doc. 1).  The proper defendant in a habeas case is generally the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition. Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004).  Based upon a reading of the Supreme Court's Padilla decision, it does not appear that Padilla alters the well-settled rule that if a district court properly acquires jurisdiction when the case is filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction. 542 U.S. at 440, 124 S. Ct. at 2721, 159 L. Ed. 2d at 531, *relying on* Ex parte Endo, 323 U.S. 283, 306, 65 S. Ct. 208, 89 L. Ed. 243 (1944).  Thus, jurisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. Tang v. Gonzales, 2006 U.S. Dist. LEXIS 93572 (N.D. Fla. 2006)(citing Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005)).

In Tang, the court observed that the petitioner had been previously detained in three other facilities before being transferred to that district, and that the petitioner's case was a

good example of the difficulty that would be caused if jurisdiction shifted whenever a petitioner was transferred.  According to the court in Tang, "[i]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."  Id. at *6.  In this case, the evidence is undisputed that Petitioner was incarcerated within this District at the time he filed his § 2241 petition. (Doc. 1)  Accordingly, the undersigned finds that this Court has jurisdiction over Petitioner's case notwithstanding the fact that he was transferred out of this District following the filing of his petition.

### BACKGROUND

Respondents contend, and Petitioner Felix does not deny, that he is a native and citizen of the country of Guyana. (Doc. 11, Ex. 1; Doc. 13).  According to Felix, he has been a permanent legal resident of the United States since 1975.  Felix acknowledges that he plead guilty in September 2005 to Medicaid Fraud, was convicted, and received a sentence of one (1) year in prison, nine (9) years probation, and restitution in the amount of $110,767.00. (Doc. 5, page 1).  Felix avers that following the completion of his prison term, he was taken into ICE custody in August 2006. (Doc. 1, page 4).

Felix initiated this action in December 2006, and subsequent thereto, he had a removal hearing before an Immigration Law Judge on July 18, 2007.  On July 18, 2007, the Immigration Judge entered

an Order directing Felix's removal to Guyana. (Doc. 14, Ex. 1). On August 3, 2007, Felix appealed the decision to the Board of Immigration Appeals, which upon review, remanded the case back to an Immigration Judge. (Doc. 16, Ex. 1). To date, there has been no decision by an Immigration Judge, and Petitioner remains in ICE custody at the Atlanta City Detention Center. (Id.)

### DISCUSSION

Felix asserts that his continued detention violates his rights to substantive due process and procedural due process, and requests an order directing Respondents to release him from custody and to enjoin Respondents from detaining him in the future[2]. Respondents counter that while an alien may be released on bond and/or an order of supervision pending adjudication of his removal case, Felix is subject to mandatory detention due to the nature of the offense for which he was convicted.  Specifically, Respondents assert that Felix's conviction for Medicaid fraud involving an amount in excess of $10,000 qualifies as an offense subject to mandatory detention under INA § 236 (c), 8 U.S.C. § 1226(c).

The detention of an alien pending a final order of removal is authorized by 8 U.S.C. § 1226(a).  Although § 1226(a) permits the Attorney General to release an alien on bond in the exercise of his discretion, § 1226(c)(1) mandates detention during removal

---

[2]Felix raises a number of issues in his petition relating to his underlying conviction for Medicaid fraud.

proceedings of criminal aliens convicted of an aggravated felony. The offense for which Felix was convicted, Medicaid fraud, qualifies as an "aggravated felony" under the statute.  See 8 U.S.C. § 1101(a)(43)(M)(I) (fraud or deceit in which the loss to the victim or victims exceeds $10,000 qualifies as an "aggravated felony"). Felix's detention pursuant to 8 U.S.C. § 1226 ( c)(1) is mandatory and does not violate due process even though he is a lawful permanent resident.  DeMore v. Kim, 538 U.S. 510, 523-24, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003)(the mandatory detention of permanent resident aliens without an individualized bail hearing does not violate the Due Process Clause).

## CONCLUSION

For these reasons, the undersigned recommends that this Court dismiss without prejudice Felix's petition under 28 U.S.C. § 2241.

The attached sheet contains important information regarding objections to the report and recommendation of the undersigned magistrate judge.

Done this the **13th** day of **February, 2008.**

                                         /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              /s/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**